## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| **CHARLES SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 3:23-cv-01276** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BREESE JOURNAL AND PUBLISHING** | ) | |
| **COMPANY,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Charles Smith ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Breese Journal and Publishing Company ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.   This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"),  and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants race discrimination and retaliation under Title VII.

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.     Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42

U.S.C §2000e(f).

5.      This Court has pendent jurisdiction and supplementary jurisdiction of Count V through 28 U.S.C. § 1367.

6.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

7.      All conditions precedent have been fulfilled or been complied with.

8.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

9.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

10.      This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

11.      At all times material to the allegations of this Complaint, Plaintiff resided in Clinton County, Illinois.

12.      At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for Clinton County, Illinois, whose address is 8060 US-50, Breese, IL 62230.

## BACKGROUND FACTS

13.       Plaintiff began working for Defendant as a Machine Operator on or about December 30, 2019.

2

14.      Since at least November 30, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment.

15.      Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

16.      On or around November 30. 2022, Plaintiff (Caucasian) was verbally attacked by his Plant Supervisor "Quinton Glasscock" on the basis of his race.

17.      Mr. Glasscock began berating Plaintiff, calling him a "white boy," telling Plaintiff he needed to "work like a fucking Mexican," and telling Plaintiff he would be fired.

18.      Plaintiff immediately reported the harassing and discriminatory conduct to Defendant's Human Resources representative Twyla Ripperda.

19.      On or around December 6, 2022, Ms. Ripperda sent Plaintiff an incident report to complete. Plaintiff immediately completed the incident report and returned it to Ms. Ripperda and Defendant's Human Resources Department. Ms. Ripperda stated she did not have the authority to take any action, ignoring Plaintiff's complaint and concerns.

20.      Shortly after submitting his Complaint to Defendant's Human Resources Department, Plaintiff was terminated by Mr. Glasscock for purportedly violating Defendant's Covid-19 policy by coming to work with Covid. Plaintiff did not have Covid and had received a negative test on December 1, 2022. Defendant's reasoning for Plaintiff's termination was pre-text for racial discrimination and retaliation for Plaintiff engaging in protected activity.

<u>COUNT I</u>
**Race-Based Discrimination in Violation of 42 U.S.C. § 1981**

21.      Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

22.      Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts,

regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

23.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

24.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

25.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**
**Race-Based Discrimination**

26.     Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

27.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

28.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

29.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

30.     By reason of Defendant's discrimination, Plaintiff suffered severe harm and is

entitled to all legal and equitable remedies under Title VII.

<u>COUNT III</u>
**Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**
**Race-Based Harassment**

31.    Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

32.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

33.    Defendant knew or should have known of the harassment.

34.    The race harassment was severe or pervasive.

35.    The race harassment was offensive subjectively and objectively.

36.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>COUNT IV</u>
**Violation of 42 U.S.C. § 2000e, *et seq.***
**Retaliation**

37.    Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

38.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.  As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

39.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination.

40.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

41.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the race -based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

42.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

43.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

<u>**COUNT V**</u>
**Demand for Relief for Retaliatory Discharge**

44.     Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

45.     This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

46.     Illinois common law recognizes a cause of action for retaliatory discharge.

47.     Plaintiff's employment was terminated by the Defendant.

48.     Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of reporting the illegal activity.

49.     The termination of Plaintiff's employment violates a clear mandate of public policy.

50.     By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled

to all legal and equitable remedies under common law.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.    Back pay with interest;

b.    Payment of interest on all back pay recoverable;

c.    Compensatory and punitive damages;

d.    Reasonable attorneys' fees and costs;

e.    Award pre-judgment interest if applicable; and

f.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 19th day of April, 2023.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*